A. S. SCHULMAN ELECTRIC COMPANY, Plaintiff-Appellant, *v.* VILLAGE OF FOX LAKE, Defendant-Appellee.

Second District   No. 82—646

Opinion filed June 22, 1983.

Edmund P. Boland and Edward M. White, both of Carey, Filter, White & Boland, of Chicago, for appellant.

Julius Abler, of Libertyville, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, A. S. Schulman Electric Company (Schulman), appeals from a summary judgment entered by the circuit court of Lake County in favor of the defendant, Village of Fox Lake, and an order striking Schulman's post-trial motion.

The record reflects that Schulman filed a complaint in the circuit court seeking to recover sums alleged to be due and owing it by the village under the terms of a contract entered into by the parties for the construction of street lighting improvements. The complaint alleged that the parties entered into the contract on April 17, 1978, and under its terms Schulman, in consideration of the sum of $149,295.40, agreed to install 49 lights, two controllers and related wiring and construction pursuant to plans and specifications prepared by the village engineer. The specifications required that the conduit which carried the lighting cable would be pushed under certain streets and driveway crossings. During the course of construction, however, it became apparent that subsoil conditions along the construction route, which were unanticipated by the parties, would necessitate the utilization of more expensive construction methods in order to complete the project according to specifications. Pursuant to the terms of the contract, Schulman sought and received permission from the village engineer to perform the additional work. An alleged three-month delay by the engineer in rendering his decision also added to the costs of the project since Schulman was forced to complete the construction during months of adverse weather conditions. Following completion of the work, Schulman submitted a bill for the increased costs in the amount

of $29,710.32, which the village has refused to pay.

The village filed a motion to dismiss the complaint, which was denied by the trial court, then filed a motion for summary judgment supported by affidavit. It alleged that the contract was void under section 8—1—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 8—1—7), since the village had not passed an ordinance appropriating monies for the contract. The motion was supported by the affidavit of Matthew Tierney, the village clerk, who averred that "[a]t no time have any ordinances been passed by the Village creating any liability or appropriating any of its monies or the expenditure of any of its monies for the purposes alleged by the Plaintiff in its complaint."

Schulman's response to the motion included a copy of Village Ordinance No. 77—12, the appropriation ordinance for the fiscal year commencing May 1, 1977, and ending April 30, 1978. The ordinance appropriated $20,000 for street lighting and also referred to a revenue sharing appropriation for street lights and sidewalks in the amount of $132,000. Schulman's response also included a copy of the minutes of a village board meeting held on March 20, 1978, wherein it approved the execution of the contract between Schulman and the village. The village's reply to Schulman's response added the affidavit of Stefanie T. Makas, the village treasurer, in which she averred that Schulman had been paid the sum of $154,436.08 in connection with the subject contract.

Following arguments of counsel, the trial court granted the village's motion for summary judgment on April 19, 1982. On May 20, 1982 (31 days after entry of judgment), the clerk of the circuit court of Lake County received by mail and date-stamped Schulman's post-trial motion. The village moved to strike the motion as untimely since it had not been filed with the circuit clerk within 30 days of the judgment as required by section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 68.3), now codified as section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203). In response, Schulman presented the affidavit of its attorney which stated that the motion had, in fact, been placed in the U.S. Mail on May 18, 1982, only 29 days after the entry of summary judgment. The trial court struck Schulman's post-trial motion as untimely and it appeals.

Prior to oral argument in this court, the village moved to dismiss the appeal as untimely on the grounds that Schulman's post-trial motion and notice of appeal were filed more than 30 days after the entry of summary judgment in violation of Supreme Court Rule 303(a) (87

Ill. 2d R. 303(a)). This court denied the motion without comment and the village has again raised the issue in its brief and oral argument. Because of the jurisdictional nature of the village's contention, we will address the basis of our denial of the motion to dismiss this appeal.

■ The issue presented is whether the deposit in the mail of a post-trial motion, within 30 days of the entry of a judgment, may constitute a filing of the motion for purposes of the time restrictions imposed by section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203), formerly section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 68.3). A review of the reported cases reveals a split of authority in the appellate court as to whether the mailing of documents to the circuit court clerk may be deemed a filing. In *Schneider v. Vine Street Clinic* (1979), 77 Ill. App. 3d 946, 397 N.E.2d 194, *appeal denied* (1980), 79 Ill. 2d 634, the Fourth District, with a dissent, determined that a notice of appeal mailed on the 30th day, but not received and stamped until two days later, was insufficient to confer jurisdiction upon the appellate court. Similarly, in *Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 431 N.E.2d 461, the Fifth District has held that a post-trial motion and a notice of appeal mailed on the 30th day, but not received and stamped until the next day, were also insufficient.

However, the Fifth District, in *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, 431 N.E.2d 441, *appeal denied* (1982), 91 Ill. 2d 558, also has held that an appeal to the circuit court from an order of the Commerce Commission was timely if the notice of appeal was mailed on the last day, even though not received until after the time had expired, and that the affidavit of counsel was sufficient proof of mailing. Further, in *Holesinger v. Dubuque Feeder Pig Co.* (1982), 104 Ill. App. 3d 39, 432 N.E.2d 645, the Third District rejected the *Schneider* decision and held that a notice of appeal mailed on the 30th day, but not received until seven days later, was sufficient to confer appellate jurisdiction. Our supreme court has not addressed the issue.

In each of the foregoing cases, the opinion offers a detailed analysis of the relevant provisions of the statutes and Supreme Court Rules together with applicable common law principles. It would be redundant for us to set forth a duplicative analysis here. Suffice it to say, we find the rationale and result reached in the *Holesinger* and *Department of Conservation* decisions to be most persuasive. Accordingly, we conclude that the mailing of Schulman's post-trial motion on the 29th day after the entry of summary judgment was timely notwithstanding that the clerk of the circuit court did not receive it until

the 31st day. Since Schulman filed its notice of appeal within 30 days of the denial of its timely filed post-trial motion, this appeal is also timely. 87 Ill. 2d R. 303(a); see, *e.g., City of Peoria v. Illinois Commerce Com.* (1983), 96 Ill. 2d 416; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399.

■ We next consider whether the trial court properly entered summary judgment in favor of the village.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57), now codified as section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005) provides that either plaintiff or defendant may move, with or without supporting affidavits, for summary judgment and the opposite party may file counter affidavits. If the pleadings, depositions, affidavits, exhibits and admissions on file then show there are no remaining genuine issues of material fact, the moving party is entitled to summary judgment as a matter of law. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 575, 442 N.E.2d 648, 653; *Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 270, 435 N.E.2d 939, 940.) Summary judgment is a drastic remedy and is to awarded with caution; only if the right of the movant is clear and free from doubt may it be granted. *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 575, 442 N.E.2d 648, 653; *In re Estate of Tomaso* (1980), 82 Ill. App. 3d 286, 288, 402 N.E.2d 702, 704-05; *Indiana Harbor Belt R.R. Co. v. Budd Co.* (1980), 87 Ill. App. 3d 91, 94, 408 N.E.2d 944, 947.

■ It is well recognized that any contract entered into by municipal corporate authorities is *ultra vires* and void unless an appropriation has been made for the funds to be expended. (Ill. Rev. Stat. 1981, ch. 24, par. 8—1—7; *Diversified Computer Services, Inc. v. Town of York* (1982), 104 Ill. App. 3d 852, 858, 433 N.E.2d 726, 731, *appeal denied* (1982), 91 Ill. 2d 568; *Koudelka v. Village of Woodridge* (1980), 91 Ill. App. 3d 884, 888, 413 N.E.2d 1381, 1383.) A party who contracts with a municipality is presumed to know whether the municipality is prohibited from entering into the contract. (*In re Petition by City of East Peoria* (1982), 105 Ill. App. 3d 712, 714, 434 N.E.2d 781, 783.) However, if the contract is within the power or authority of the municipality, but a portion of the contract may be beyond its power or the power may have been irregularly exercised, the municipality may not assert such grounds to avoid the contract where to do so would give it an unconscionable advantage over the other party. *Branigar v. Village of Riverdale* (1947), 396 Ill. 534, 542, 72 N.E.2d 201, 205; *Diversified Computer Services, Inc. v. Town of York* (1982), 104 Ill.

App. 3d 852, 858, 433 N.E.2d 726, 731, *appeal denied* (1982), 91 Ill. 2d 568; *Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 41-42, 230 N.E.2d 465, 472.

It may be determined from this record that the contract for street lighting was within the power of the village. (See Ill. Rev. Stat. 1981, ch. 24, pars. 9—3—1, 11—80—4.) However, the facts presented to the trial court in the summary judgment proceedings are contradictory, and it may not be determined whether or not an appropriation of funds had been made for this purpose. The parties agree that the contract was executed and the extra work performed. Schulman has presented an ordinance of the village showing a general appropriation for street lighting of $152,000. It has also submitted a copy of the minutes of the village board wherein the Schulman contract was expressly approved. However, the village clerk avers that no appropriation was made for this specific contract and the village treasurer avers that Schulman has already been paid $156,439.08 pursuant to the contract.

■ Based upon this record, absent an evidentiary hearing, one can only speculate as to how these apparently contradictory facts may affect the legal issues presented by this appeal. Because these remain disputed issues of material fact, the trial court erred in granting summary judgment.

For the foregoing reasons, the orders of the circuit court of Lake County granting summary judgment to the village and striking Schulman's post-trial motion are reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HOPF and UNVERZAGT, JJ., concur.