JANICE LUTSCH, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.*
(ELGIN SCHOOL DISTRICT U—46, Appellee).

Second District (Industrial Commission Division)   No. 2—84—120 WC

Opinion filed April 4, 1984.

Lewis P. Gaines, Ltd., of Chicago, for appellant.

Frank J. Wiedner, of Wiedner & McAuliffe, of Chicago, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Janice Lutsch, sought workers' compensation benefits for an injury allegedly sustained while she was in the employ of respondent, Elgin School District U—46. An arbitrator awarded petitioner both temporary and permanent total disability benefits and medical expenses. The Industrial Commission affirmed the arbitrator's award of temporary total disability but reversed the award of permanent total disability. This decision was subsequently confirmed by the circuit court of Kane County, and petitioner has perfected this appeal.

On October 20, 1978, petitioner was employed as a high school teacher by District U—46, at which time she alleges she was injured while attempting to break up an altercation between two female students. Petitioner contends that her injury resulted when one of the students stamped on petitioner's right foot with the wooden heels of her shoe.

Prior to the injury complained of, Dr. Martin I. Stoller performed a bunionectomy on petitioner's right foot in March 1978. Subsequently, Dr. Stoller determined that petitioner was suffering from nerve entrapment syndrome, and on August 1, 1978, he again operated on petitioner's right foot. Subsequent to the alleged injury at the school, Dr. Stoller examined petitioner and noted a bruised area on

petitioner's right foot. Petitioner continued to experience pain and discomfort in her right foot and on May 10, 1979, Dr. Stoller performed a third surgery.

At the request of District U—46, Dr. E. Thomas Marquardt examined petitioner. Dr. Marquardt was of the opinion that petitioner's injury at school on October 20, 1978, probably had very little to do with the fact that petitioner required a third operation. Dr. Marquardt concluded that petitioner's problems with her right foot resulted from her two previous operations and were not in any significant way related to the injury of October 20, 1978.

Petitioner was also examined, at her request, by Dr. Satya P. Kaushal. Dr. Kaushal noted that petitioner had some limitations on the movement of her right foot and that she complained that her right foot was sensitive and numb. Dr. Kaushal further noted petitioner's previous three operations and the injury she suffered at school on October 20, 1978; however, Dr. Kaushal made no specific findings as to the nature and extent of the injury petitioner suffered on October 20, 1978. Dr. Kaushal concluded that petitioner had a "loss of use of her right foot on an industrial basis."

On October 30, 1980, the arbitrator found that petitioner sustained an accidental injury arising out of and in the course of her employment and awarded her 2²/7 weeks' temporary total disability payments. The arbitrator further found that petitioner's injuries resulted in the permanent loss of the use of her right foot to the extent of 30% thereof. The arbitrator awarded petitioner "the further sum of $291.04 for necessary medical services, as provided in paragraph (a) of section 8 [of the Workers' Compensation Act]."

On May 24, 1982, the Industrial Commission affirmed the arbitrator's award of $152.24 per week for a period of 2²/7 weeks for temporary total disability but reversed the arbitrator's award for permanent total disability, finding that petitioner "failed to prove she sustained any permanent disability to her right foot as a result of the accident of October 20, 1978." After the circuit court confirmed the Industrial Commission's decision, petitioner appeals to this court.

Petitioner first contends that the Industrial Commission's decision denying her permanent total disability benefits was erroneous on the ground that it amounted to a finding that the requisite causal connection between petitioner's injury at school and the condition of petitioner's right foot was absent. District U—46, on the other hand, urges that petitioner misinterprets the finding of the Commission and suggests that the only issue before this court is whether the Industrial Commission's finding that petitioner sustained no compensable

permanent disability is against the manifest weight of the evidence.

Since the Industrial Commission awarded petitioner temporary total disability benefits, it is obvious that the Industrial Commission found a causal connection between petitioner's injury at school and the condition of her right foot. Implicit in the Commission's award is a finding that the incident at school and the condition of petitioner's right foot were causally connected. Therefore, the issue before this court involves, as District U—46 maintains, the extent of petitioner's injury.

The resolution of factual matters regarding the extent of an employee's injury is for the Industrial Commission to determine. Where, as here, medical testimony is in dispute and there is evidence in the record which would sustain the finding of the Industrial Commission, its finding will not be disturbed unless it is contrary to the manifest weight of the evidence. *Spector Freight System, Inc. v. Industrial Com.* (1983), 93 Ill. 2d 507, 514, 445 N.E.2d 280, 283.

While the medical reports of Dr. Stoller and Dr. Kaushal do not specifically state whether petitioner suffered any permanent injury due to the October 20, 1978, injury, the medical report of Dr. Marquardt indicates that petitioner suffered no permanent disability as a result of such injury. Since there is medical evidence supporting the finding of the Industrial Commission that petitioner was not permanently disabled as a result of the injury sustained at respondent's school on October 20, 1978, and no evidence to the contrary, we conclude that the Industrial Commission's finding was not against the manifest weight of the evidence.

Finally, petitioner contends that the Industrial Commission erred in reversing the arbitrator's award of medical expenses in the amount of $291.04. However, District U—46 asserts, and the record establishes, that District U—46 represented at the Industrial Commission hearing that the arbitrator's award of medical expenses in the amount of $291.04 was not in dispute. The propriety of the award of such medical expenses was not considered by the Industrial Commission; therefore, we need not consider this issue.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.