THE VILLAGE OF LONG GROVE, Plaintiff-Appellant, v. THE VILLAGE OF KILDEER *et al.*, Defendants-Appellees.

Second District   No. 2—85—0816

Opinion filed July 22, 1986.—Rehearing denied October 6, 1986.

J. William Breathwaite and Eleanor F. Dien Sharpe, both of Arnstein, Gluck, Lehr, Barron & Milligan, of Barrington, for appellant.

Christopher J. Keith, Thomas Z. Hayward, Jr., and Daniel J. Lawler, all of Boodell, Sears, Giambalvo & Crowley, of Chicago, for appellee The First National Bank of Des Plaines.

Erwin W. Jentsch, of Bradtke & Zimmermann, of Mt. Prospect, for appellee The Village of Kildeer.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, the village of Long Grove (Long Grove), filed a complaint for declaratory and injunctive relief, seeking to enforce a jurisdictional-boundary agreement between itself and defendant, the village of Kildeer (Kildeer). The circuit court dismissed the complaint on the motions of the defendants, the village of Kildeer, The First Na-

tional Bank of Des Plaines, and Plumwood Corporation, whereupon plaintiff has appealed, contending that (1) the agreement, which contained a provision prohibiting annexation, was valid and enforceable; and (2) the agreement could not be terminated at will.

On September 3, 1964, Long Grove and Kildeer entered into a jurisdictional-boundary agreement which included a provision prohibiting either village from annexing territory beyond the jurisdictional-boundary line fixed by them between the villages without the consent of the other. On July 7, 1977, Kildeer adopted an ordinance repealing the agreement, and on January 7, 1985, annexed a parcel of approximately 32 acres known as Plumwood Estates. The subject property is located between the two villages, contiguous to Kildeer and overlapping the Long Grove side of the jurisdictional-boundary line. On January 8, 1985, plaintiff filed its complaint for declaratory and injunctive relief, seeking to enforce the agreement and naming as defendants the village of Kildeer, The First National Bank of Des Plaines (owner), and Plumwood Corporation (developer). Defendants moved to dismiss the complaint on the grounds that the agreement was invalid and that Kildeer had terminated it. The circuit court dismissed the complaint on the latter ground and did not rule on the validity of the agreement.

We first consider whether an agreement between two or more municipalities prohibiting annexation by the other is valid and enforceable, an issue not previously addressed by our courts.

■■ Non-home-rule units possess only those powers which are granted to them by law or those necessarily implied from or incident to powers expressly granted. (*City of East Peoria v. Board of Trustees* (1982), 105 Ill. App. 3d 712, 714, 434 N.E.2d 781.) Any contract entered into by a municipality without authority is *ultra vires* and void. *McGovern v. City of Chicago* (1917), 281 Ill. 264, 283, 118 N.E. 3; *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 750, 450 N.E.2d 1356, *appeal denied* (1983), 96 Ill. 2d 537.

Plaintiff contends that the authority for an agreement prohibiting annexation lies in section 11—12—9 of the Illinois Municipal Code (Ill. Rev. Stat. 1963, ch. 24, par. 11—12—9), which provides:

> "If unincorporated territory is within one and one-half miles of the boundaries of two or more corporate authorities that have adopted official plans, the corporate authorities involved may agree upon a line which shall mark the boundaries of the jurisdiction of each of the corporate authorities who have adopted such agreement."

This section appears in Division 12 of the Illinois Municipal Code, which is concerned with the power of a municipality to adopt and implement official comprehensive plans. (*Village of Northbrook v. Village of Glenview* (1980), 88 Ill. App. 3d 288, 294, 410 N.E.2d 431, *appeal denied* (1981), 82 Ill. 2d 585.) Such plans may extend to unincorporated land within 1½ miles of a municipality's borders. (Ill. Rev. Stat. 1985, ch. 24, par. 11—12—5.) Section 11—12—9, which also refers to this 1½-mile area, authorizes municipalities having overlapping planning jurisdiction to agree upon a line beyond which neither will exercise planning control. *Village of Northbrook v. Village of Glenview* (1980), 88 Ill. App. 3d 288, 289, 410 N.E.2d 431.

■ It is apparent that section 11—12—9 is concerned solely with planning, and does not purport to regulate annexation. It does not refer to annexation nor is there any indication that the General Assembly, in authorizing agreements which establish planning boundaries, intended to repeal by implication the statutes governing annexation. (Ill. Rev. Stat. 1985, ch. 24, pars. 7—1—1 through 7—1—48.) These statutes do not authorize a municipality to prohibit the annexation of property by another municipality, even by the terms of an agreement between them. Such a construction, as urged by plaintiff, would not take into account the interests of the property owner.

■ Like the power to zone, the power to annex is distinct from the power to plan for the use of land outside the borders of a municipality. (*People v. City of Batavia* (1980), 91 Ill. App. 3d 716, 721, 414 N.E.2d 916.) In *Village of Northbrook v. Village of Glenview* (1980), 88 Ill. App. 3d 288, 410 N.E.2d 431, the court invalidated a jurisdictional-boundary agreement which included a provision permitting annexation only if the property were rezoned to a particular residential classification. Plaintiff maintains that in *Northbrook* the court declared that two municipalities could agree to limit annexation by the other. (88 Ill. App. 3d 288, 294, 410 N.E.2d 431.) As we read the *Northbrook* decision, the court only went so far as to explain that municipalities may, pursuant to their planning powers, agree to recommend possible zoning upon annexation. (88 Ill. App. 3d 288, 294-95, 410 N.E.2d 431, citing Ill. Rev. Stat. 1979, ch. 24, par. 11—12—5(1)(c).) It did not sanction an agreement restricting a municipality's exercise of its annexation powers.

Nor is the authority for such an agreement found in section 1—1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1963, ch. 24, par. 1—1—5), which allows municipalities to jointly exercise their express powers. This provision does not authorize a municipality to prevent the exercise of an express power by another. (*Village of Northbrook v.*

*Village of Glenview* (1980), 88 Ill. App. 3d 288, 295, 410 N.E.2d 431. Clearly, the power of one municipality to prohibit annexation by another municipality is not a joint exercise of their respective powers.

As we have concluded that the agreement prohibiting annexation was invalid as an unauthorized assumption of municipal power, we affirm the circuit court's order dismissing plaintiff's complaint. In this circumstance we need not consider whether Kildeer had an unilateral right to terminate the agreement.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SCHNAKE and WOODWARD, JJ., concur.