THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL L. PAGEL, Defendant-Appellant.

Fourth District   No. 4—89—0339

Opinion filed April 19, 1990.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger Simpson, State's Attorney, of Monticello (Leonard R. Rumery, Assistant State's Attorney, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant appeals the dismissal of his post-trial motion to withdraw his guilty plea and vacate sentence. We reverse.

On January 17, 1989, defendant pleaded guilty to two counts of aggravated battery and one count each of unlawful restraint and intimidation. The trial court sentenced defendant to five years' imprisonment on each of the two counts of aggravated battery and three years' imprisonment for unlawful restraint, to be served concurrently. The trial court also sentenced defendant to three years' imprisonment for intimidation, to be served consecutively to the other sentences.

On February 7, 1989, defendant wrote a letter to his public defender requesting to withdraw his guilty plea. The public defender received this letter on February 14, 1989, and sent the letter to the court with a cover letter seeking the court's advice. On February 15, 1989, defendant wrote a letter to the trial court asking to have his guilty plea withdrawn. The court received defendant's letter on February 21, 1989. The envelope in which defendant's letter to the trial court was sent was not postmarked.

On February 16, 1989, defendant prepared and signed a motion to withdraw his guilty plea and vacate his sentence, a motion for preparation of the common law record and record of proceedings, a motion for appointment of counsel, an affidavit *in forma pauperis*, and a verification and proof of service signed under oath. The notarizations on the verification and proof of service indicate that defendant deposited a copy of his motion into the United States mail, addressed to the circuit clerk of Piatt County, on February 16, 1989, the 30th day after sentencing. The envelope containing the motion, however, is postmarked February 17, 1989, the 31st day after sentencing. Defendant's motion to withdraw his guilty plea was file stamped by the circuit clerk on February 21, 1989.

The circuit court appointed counsel for defendant on March 2, 1989. On March 27, 1989, the State filed a motion to dismiss, alleging that defendant's motion to withdraw his guilty plea and vacate his sentence was not timely filed. On April 6, 1989, the trial court granted the State's motion to dismiss, and defendant appeals that dismissal.

The sole issue presented on appeal is whether defendant timely filed his post-trial motion to withdraw his guilty plea and vacate his sentence. Supreme Court Rule 604(d) provides that a defendant has 30 days in which to file a post-trial motion to withdraw his guilty plea. (107 Ill. 2d R. 604(d).) We initially note that the Illinois Su-

preme Court has held that notices of appeal mailed within the 30-day period prescribed by Supreme Court Rule 303(a) and received thereafter are timely filed. (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072; 107 Ill. 2d R. 303(a).) Thus, a notice of appeal placed in the mail on the 30th day of the 30-day period is timely filed. In its opinion, however, the court specifically stated that it expressed no opinion as to whether the same policy would apply to other papers filed in the circuit court such as post-trial motions. (*Harrisburg-Raleigh*, 126 Ill. 2d at 342, 533 N.E.2d at 1078.) While the supreme court has declined to express an opinion on the issue, appellate courts have applied the "pro-mailing" policy of *Harrisburg-Raleigh* to post-trial motions. *People v. Simmons* (1987), 164 Ill. App. 3d 205, 517 N.E.2d 1106 (post-trial motion pursuant to Rule 604(d) to withdraw guilty plea); *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 493 N.E.2d 1088 (post-trial motion made pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203)); *A.S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 450 N.E.2d 1356 (post-trial motion made pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203)).

The fact that the "pro-mailing" policy has been applied to post-trial motions does not resolve the issue at hand. Defendant's motion to withdraw his guilty plea and vacate his sentence was postmarked February 17, 1989, the 31st day after sentencing. However, defendant argues, and the notorizations on the verification and proof of service indicate, that defendant placed the motions in the mail on February 16, 1989, the 30th day after sentencing. Thus, if the postmark date is taken as the date of mailing, defendant's motion was not timely filed. However, if the date on the proof of service is taken as the date of mailing, defendant's motion was timely filed. We conclude that the proof of service date should control and find defendant's motion to have been timely filed.

In *Harrisburg-Raleigh*, the supreme court concluded only that when an appeal is mailed on the 30th day, it has been timely filed. The court made no decision as to what constitutes the mailing date. The State urges us to rely on the postmark date as the mailing date and cites *Simmons* for the proposition that a court will rely on the mail-stamp date, which the State argues is analogous to a postmark, of a letter—rather than the proof-of-service date—as the mailing date. *Simmons* did not deal directly with the issue at hand as both the proof-of-service date and the mail-stamp date were within the 30-day

requirement of Rule 604(d), and the court gave no reason for choosing the mail-stamp date as the mailing date. The court did, however, refer to *Morse* as authority for its decision. The issue in *Morse* is identical to that of the instant case: whether the postmark date, which exceeded the 30-day period for filing by one day, or the proof-of-service date, which was within the statutory 30-day period, constituted the mailing date. The *Morse* court concluded that the proof-of-service date controlled. There was no reason to believe that the attorney who signed and notorized the proof of service would post-date the document, and the proof-of-service date was sufficiently analogous to an affidavit attesting to the mailing date. *Morse*, 143 Ill. App. 3d at 852, 493 N.E.2d at 1090 (relying on *Schulman*, affidavit by attorney that he mailed post-trial motion within the 30-day period was sufficient to establish mailing date).

We find the *Morse* and *Schulman* decisions persuasive. Although the two cases dealt with post-trial motions in civil cases, there is no reason the rule expressed in *Morse* and *Schulman* should not be applied to criminal decisions, as evidenced by the fact that the *Simmons* court endorsed the approach. As the record in the instant case reveals, defendant mailed his motion to withdraw his guilty plea and vacate judgment on February 16, 1989, the 30th day of the 30-day period provided for in Rule 604(d). While the State argues that a postmark is less subject to falsification than a notorized proof of service, the State does not contest the fact that defendant mailed the letter on February 16, 1989. Accordingly, defendant has timely filed his post-trial motion.

Reversed and remanded.

KNECHT, P.J., and GREEN, J., concur.