*In re* MARRIAGE OF JUANITA C. McCOY, Petitioner-Appellant, and ROBERT A. McCOY, Respondent-Appellee.

Third District   No. 3—91—0478

Opinion filed March 4, 1992.

C. Stephan Marsh, of Ruud, Scovil, Neppl & Marsh, of Rock Island (James L. Neppl, of counsel), for appellant.

Van Hooreweghe, Fackel & Thuline, of Moline (Francis Van Hooreweghe, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Petitioner, Juanita C. McCoy, appeals portions of the judgment dissolving her marriage to respondent, Robert A. McCoy.

Juanita raises two issues on appeal: (1) whether the trial court abused its discretion in classifying and dividing the marital property; and (2) whether the trial court's order of joint custody was against the manifest weight of the evidence. For reasons which follow, we reverse and remand.

Juanita contends the trial court failed to reimburse the marital estate for marital funds contributed to Robert's nonmarital residence. We agree. The parties agreed that $15,942.95 was expended from marital funds to make improvements to the residence and $6,213.44 was paid to reduce Robert's mortgage indebtedness. Robert was awarded the residence as his nonmarital property under the court's division of property, which included the value of the improvements made during the marriage. No provision was made by the trial court to reimburse the marital estate either for the reduction of the mortgage or for the value of the improvements.

Section 503(c)(2) of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides a right to reimbursement for contributions made by one estate which have enhanced the value of an item

of property classified as belonging to another estate. (Ill. Rev. Stat. 1989, ch. 40, par. 503(c)(2).) The reimbursement is made to the contributing estate, not to the contributing spouse. (*In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 855, 493 N.E.2d 1088, 1092.) Reimbursement requires that a contribution be traceable by clear and convincing evidence. *In re Marriage of Guntren* (1986), 141 Ill. App. 3d 1, 6, 489 N.E.2d 1120, 1123.

■ The trial court erred when it failed to reimburse the marital estate for the contributions made from the marital estate to Robert's nonmarital residence. The trial court was presented with clear and convincing evidence concerning the extent of the contributions. The $22,156.39 contributed from marital funds for improvements to the residence and for increased equity in the nonmarital home should have been credited to the marital estate and divided according to the provisions of section 503 of the Act. Ill. Rev. Stat. 1989, ch. 40, par. 503.

Juanita also contends the trial court erred when it classified and divided a portion of the parties' Merrill Lynch account. We agree. The parties maintained a joint tenancy account with Merrill Lynch which was opened during the marriage. The proceeds of this account came from the sale of stock which Robert acquired both before and during the marriage. Robert stated that he understood the ramifications of establishing a joint tenancy account. He testified that it was his intention that upon his death the account would pass to Juanita. During the marriage, Robert deposited a $10,000 legacy into the account. At the time of trial, the Merrill Lynch account balance was $34,386.05. The trial court awarded $10,000 of the account to Robert as his nonmarital legacy. The remaining balance was divided equally between the parties.

Section 503 of the Act requires the trial court, in a dissolution proceeding, to classify property as either marital or nonmarital in order to assign or divide the parties' property. (Ill. Rev. Stat. 1989, ch. 40, par. 503.) Subsection (a)(1) of section 503 provides that all property acquired by gift or inheritance during the marriage shall be nonmarital property. (Ill. Rev. Stat. 1989, ch. 40, par. 503(a)(1).) Claims asserted under this subsection are subject to the general presumption in section 503(b) that all property acquired by either spouse during the marriage shall be marital property, including property transferred into some form of co-ownership between the spouses. Ill. Rev. Stat. 1989, ch. 40, par. 503(b).

■ Property designated as nonmarital pursuant to the exceptions of section 503(a) may, however, be presumptively transmuted into

marital property by an affirmative act of the contributing spouse. (*In re Marriage of Benz* (1988), 165 Ill. App. 3d 273, 279, 518 N.E.2d 1316, 1319.) Placing nonmarital property in joint tenancy with a spouse creates a presumption that a gift has been made to the marital estate. The "donor" spouse may rebut the presumption of gift only by clear, convincing, and unmistakable evidence. *In re Marriage of Rink* (1985), 136 Ill. App. 3d 252, 257, 483 N.E.2d 316, 320.

■ Robert's $10,000 legacy initially fell under the exception for nonmarital property through section 503(a)(1) (Ill. Rev. Stat. 1989, ch. 40, par. 503(a)(1)). However, immediately upon his transfer of the legacy into the joint tenancy account, a presumption of gift arose and a transmutation occurred converting the nonmarital property into marital property. Robert had the burden at trial to present evidence sufficient to rebut this presumption. Robert offered no evidence to overcome the presumption or to suggest the deposit of the legacy into the parties' joint account was anything other than a gift to the marital estate. Accordingly, the trial court erred in finding the $10,000 to be Robert's nonmarital property.

Juanita's next issue on appeal concerns the trial court's award of joint custody of the parties' only child, Daniel, who was born July 26, 1987. The judgment, which ordered joint custody, said in pertinent part "[t]hat the parties have executed a Joint Parenting Agreement" and "[a] copy of said Agreement is attached hereto and made a part hereof." However, no such agreement is part of the judgment or included in the record. At oral argument, counsel for both parties agreed that no joint parenting agreement had ever been fully executed by the parties.

■ Section 602.1 of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 602.1) grants authority to the trial court to order joint custody and to enter a joint parenting order if the parties fail to produce a joint parenting agreement. The trial court should have prepared and executed a joint parenting order since the parties were unable to produce a joint parenting agreement. Since the trial court has not entered a joint parenting order, we remand this issue to the trial court for further proceedings.

Also, given the representation of both parties at oral argument that Daniel has now entered school, we direct that the trial court hold new evidentiary hearings to determine if the proper statutory factors exist to support the order of joint custody. (Ill. Rev. Stat. 1989, ch. 40, pars. 602, 602.1(c).) Our concern is that Daniel's best interests be determined based on existing circumstances. Therefore, the trial court

must hear evidence concerning now-existing circumstances in order to make that determination.

If an award of joint custody is appropriate and the parties are unable to agree on a joint parenting agreement, the trial court shall enter a joint parenting order in accordance with section 602.1(b) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 602.1(b)). We decline, at this point, to further address Juanita's argument that the trial court improperly ordered joint custody.

In summary, we reverse that portion of the judgment which categorized, divided, and awarded the parties' property. We also reverse the trial court's award of joint custody for lack of a joint parenting agreement or joint parenting order. This cause is remanded to the circuit court of Rock Island County for further proceedings according to the findings expressed in this opinion.

Reversed and remanded.

SLATER and HAASE, JJ., concur.