THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIA TLATENCHI, Defendant-Appellant.

First District (6th Division)   No. 1—06—1608

Opinion filed February 27, 2009.—Rehearing denied July 2, 2009.

Patricia Unsinn and Jessica Wynne Arizo, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Ashley Romito, Matthew Connors, and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McBRIDE delivered the opinion of the court:

Defendant, Maria Tlatenchi, appeals from an order of the circuit court granting the State's motion to dismiss her *pro se* motion to withdraw her guilty plea. On appeal, defendant contends that: (1) the trial court erred in dismissing her motion to withdraw her guilty plea as untimely; (2) defense counsel failed to comply with the requirements of Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)); and (3) the trial court failed to properly admonish her as required by Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)).

On February 21, 2006, defendant indicated her desire to plead guilty to the charge of first degree murder (720 ILCS 5/9—1(a)(3) (West 2002)) in exchange for a sentence of 45 years' imprisonment. Before accepting that plea, the trial court admonished defendant of the possible range of penalties that could attach to that offense and ascertained defendant's understanding of her trial rights and waiver of those rights. Defendant confirmed that the plea was the product of her own free will and that no threats or promises were made to her to induce her to plead guilty. The trial court also admonished defendant that if she was not a United States citizen, a conviction for first degree murder could have the consequence of deportation, exclusion of admission to the United States, or the denial of naturalization. Defendant indicated that she understood.

The State then offered the following factual basis for the plea. According to an oral statement defendant gave to Detective Richard Benbow, on December 14, 2003, defendant and two others robbed a restaurant located at Old Orchard Mall in Skokie, Illinois. Approximately $2,000, multiple rolls of quarters, and a bank statement were taken from the restaurant during the robbery, of which defendant retained approximately $400 in cash and some of the rolls of quarters. During the robbery, defendant's brother, Pablo Tlatenchi, struck the victim in the head, stabbed her approximately four times in the neck, and then smashed her head on the floor. The victim, who was the restaurant's co-owner, Jung Yon Jun, subsequently died of multiple stab wounds and blunt trauma to the head. Police later recovered the bank statement and five rolls of quarters from defendant's apartment. Police found human blood and a fingerprint on the bank statement,

and analysis revealed that the fingerprint was made by defendant and that the DNA profile of the blood matched defendant's DNA profile. Police also found a piece of paper near the victim's body on which there was a partial shoe impression. Further analysis determined that the shoe impression matched a woman's shoe found in defendant's apartment and that sweat from inside that shoe matched defendant's DNA profile. The factual basis for the plea also established that defendant subsequently gave a court-reported statement to an assistant State's Attorney in which she recounted essentially the same sequence of events regarding the robbery and murder that she had told the police in her oral statement. Defendant was then sworn and she confirmed that she heard the court recite the facts of the case, including that she gave a court-reported statement, and that in her court-reported statement she told police that she committed the armed robbery and that during the robbery she saw Pablo Tlatenchi stab the victim. The court accepted defendant's plea of guilty, finding that defendant understood the charges against her, the possible range of penalties, and her rights according to the law, that the plea was being entered into freely and voluntarily, and that there was a sufficient factual basis to support the plea. Consequently, the court entered a finding of guilty against defendant and sentenced her in accordance with the terms of the plea agreement.

The trial court then admonished defendant as follows:

> "You have a right to appeal that sentence and order. But before you could take an appeal, first you would have to file a motion to vacate or take back your plea of guilty. If you decided to file such a motion, it would have to be filed in writing within thirty days, and it would have to state all the reasons that you think I should consider to allow you to take back your plea of guilty or as to why you think the sentence is not appropriate.
>
> If you cannot afford a transcript of today's proceedings or an attorney to represent you, those would be provided to you free of charge.
>
> If I [were] to grant such a motion, the plea and sentence that I just entered would be vacated, the charges that were dismissed would be reinstated, and we would then set your matter down for trial.
>
> Do you understand all of that?"

Defendant responded that she understood.

Defendant subsequently filed a *pro se* motion to withdraw her guilty plea. In that motion, defendant asserted that, "I didn't know that after pleading guilty, you didn't have any rights, and I was told that if I would go to trial, I would get the life and I didn't commit the 9—1. I want it [*sic*] a bench trial." The envelope containing the mo-

tion was postmarked March 24, 2006, and the actual motion was file-stamped by the clerk of the court on March 27, 2006. In an "affidavit" attached to the motion, defendant states that she has read and signed the foregoing document and that the statements contained therein are true. The "affidavit" was also file-stamped on March 27, 2006, but it is not dated or notarized. Another document attached to the motion, which was also file-stamped on March 27, 2006, contains a proof of service in which defendant states that she placed the motion in the prison mail system on March 15, 2006. On the same document, below the proof of service, is a "Verification" signed by defendant which states that, "[u]nder penalties as provided by law pursuant to sec. 1—109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true." Neither the proof of service nor the verification is notarized. Finally, a handwritten note is attached to the motion in which defendant states that, "I'm very sorry, but I couldn't send this papers on time, because I am in in-take so I couldn't get this paper before my deadline. I don't have any movement, I cannot go to the law library."

After receiving defendant's motion, the trial court appointed the public defender to represent her. The State then made an oral motion to dismiss defendant's motion as untimely. Defense counsel responded that the proof of service demonstrated that the motion was timely filed and stated that he had spoken with defendant, who indicated that she did "hand it to the CO in her division on the proper date." The trial court found that the proof of service attached to defendant's motion was "not sufficient to establish that it was properly placed in the U.S. mail in a timely manner," and granted the State's motion to dismiss. The court noted that the proof of service lacked "notarization," and that defendant's own handwritten statement indicated that the motion was not placed in the prison mail prior to the 30-day deadline. This appeal followed.

Defendant first contends that the trial court erred in dismissing her motion to withdraw her guilty plea as untimely.

■ Supreme Court Rule 604(d) requires that a motion to withdraw a guilty plea and vacate the judgment be filed within 30 days of the date on which sentence is imposed. 210 Ill. 2d R. 604(d). The lapse of more than 30 days from sentencing divests the circuit court of jurisdiction to entertain the motion. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). If, however, such a motion is filed within the 30-day time limit, Rule 604(d) instructs the circuit court to appoint counsel and promptly hear the motion. 210 Ill. 2d R. 604(d).

In this case, defendant pled guilty and was sentenced on February 21, 2006. Accordingly, she had until March 23, 2006, to file a motion to withdraw her guilty plea.[1] Defendant's motion was file-stamped by the clerk of the court on March 27, 2006, which is after the 30-day filing period.

However, an incarcerated defendant's motion to withdraw a guilty plea is considered timely filed if it is placed in the prison mail system within the 30-day period, regardless of the date on which the motion is received or file-stamped. *People v. Aldridge*, 219 Ill. App. 3d 520, 523 (1991); *People v. Pagel*, 197 Ill. App. 3d 305, 308 (1990). The envelope that contained defendant's motion to withdraw her guilty plea is postmarked March 24, 2006, which is also after the 30-day filing period. However, the "proof of service" attached to defendant's motion states that defendant placed the motion in the prison mail system on March 15, 2006, which is within the 30-day filing period and would therefore render defendant's motion timely.

The primary issue in this case is whether defendant's mailing was sufficient to preserve a timely filing date. This issue necessarily requires us to further determine the manner by which defendant was required to prove that her motion was deposited into the prison mail system on a timely date when the motion was received by the circuit court after the 30-day filing period had elapsed.

■ During oral arguments on this case, we asked the parties to submit additional briefing on the issue of whether Supreme Court Rule 12(b)(3) (145 Ill. 2d R. 12(b)(3)) governs the manner by which defendant proves that she deposited the motion to withdraw her guilty plea into the prison mail system. Defendant asserts that Rule 12(b)(3) has no applicability to the present case because that rule provides only how to prove service of a paper on a party and does not pertain to filing a pleading by mail. However, a review of Rule 12 as well as the case law pertaining to the "date of mailing" rule leads us to conclude that Rule 12(b)(3) governs the manner by which defendant proves that she mailed her motion to withdraw her guilty plea when relying upon the date of mailing to constitute the date of filing.

Initially, we believe that the language of Rule 12 indicates that the rule applies to the filing of a motion or pleading by mail. We interpret a supreme court rule in the same manner as a statute. *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). Thus, our primary objective is to give effect to the intent of the drafters of the rule, the best indication of which is the rule's language, given its plain and ordinary meaning. *Rennick*, 181 Ill. 2d at 404-05.

---

[1]The parties do not dispute that defendant had until March 23, 2006, to file a motion to withdraw her guilty plea.

Supreme Court Rule 12, entitled "Proof of Service in the Trial and Reviewing Courts; Effective Date of Service," provides in relevant part:

"(a) Filing. When service of a paper is required, proof of service shall be filed with the clerk.

(b) Manner of Proof. Service is proved:

(1) by written acknowledgment signed by the person served;

(2) in case of service by personal delivery, by certificate of the attorney, or affidavit of a person, other than an attorney, who made delivery;

(3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid[.]

\*\*\*

(c) Effective Date of Service by Mail. Service by mail is completed four days after mailing." 145 Ill. 2d R. 12.

Subsection (a) of Rule 12 states that when service of a paper is required, proof of service shall be filed with the clerk. Supreme Court Rule 2 defines "paper" as a "pleading, *motion*, notice, affidavit, memorandum, brief, petition, or other paper or combination of papers required or permitted to be filed." (Emphasis added.) 134 Ill. 2d R. 2(b)(3). Thus, Rule 12 does apply to a motion to withdraw a guilty plea, which is required to be filed in the circuit court, and in this case, in order for defendant to file the motion to withdraw her guilty plea, she was required to serve that motion on the clerk of the circuit court. Although defendant claims that the rule applies only to service on a party, Rule 12(a) plainly states that proof of service shall be filed when "service of a paper is required." 145 Ill. 2d R. 12(a). Moreover, Rule 12(b)(3) applies when a motion is served by mail and states that service by mail is proved by a certificate of the attorney or affidavit of a person other than the attorney who deposited the motion in the mail. In this case, defendant filed the motion to withdraw her guilty plea by serving that motion by mail upon the clerk of the court. Thus, in order to prove that she deposited her motion in the prison mail system, the rule requires defendant to file, along with her motion, an affidavit stating the time and place of mailing, the address on the envelope, and the fact that proper postage was prepaid.

In fact, it appears that defendant was aware of this requirement. Defendant filed a proof of service along with her motion that tracks all of the requirements of Rule 12(b)(3). In that proof of service, defendant states that she "served" a copy of her motion by placing it in the prison mail system on March 15, 2006, that the envelope containing

that motion was addressed "as is disclosed by the pleadings of record," and that she requested that the appropriate prison official affix the envelope with fully prepaid postage.

In addition to the language of Rule 12, a review of the case law pertaining to the "date of mailing" rule convinces us that Rule 12(b)(3) governs the manner by which defendant proves she placed the motion to withdraw her guilty plea into the prison mail system.

The origin of the "date of mailing" rule is found in Supreme Court Rule 373. Rule 373, entitled "Date of Filing Papers in Reviewing Court; Certificate or Affidavit of Mailing," provides:

"Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. *If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3).* This rule also applies to the notice of appeal filed in the trial court." (Emphasis added.) 155 Ill. 2d R. 373.

In *Harrisburg-Raleigh Airport Authority v. Department of Revenue,* 126 Ill. 2d 326 (1989), the supreme court extended the "date of mailing" rule to notices of appeal filed in the circuit court pursuant to Supreme Court Rule 303(a) (210 Ill. 2d R. 303(a)). In that case, the court reviewed the language of Rule 373 as evidence of "a general policy of equating mailing and filing dates," and ultimately held that notices of appeal mailed within the 30-day period prescribed by Rule 303(a) and received thereafter are considered timely filed. *Harrisburg-Raleigh,* 126 Ill. 2d at 340-41. The court concluded by stating that it "express[ed] no opinion as to whether the same [pro-mailing] policy would apply to other papers filed in the circuit court, such as post-trial motions." *Harrisburg-Raleigh,* 126 Ill. 2d at 342.

The extension of the "date of mailing" rule to the filing of notices of appeal was subsequently incorporated into the language of Rule 373. Following the decision in *Harrisburg-Raleigh,* Rule 373 was amended to include a concluding sentence stating that, "[t]his rule also applies to the notice of appeal filed in the trial court." 155 Ill. 2d R. 373; see also 155 Ill. 2d R. 373, Committee Comments, at clxvii ("Reference to the notice of appeal coming within the scope of the rule is a reflection of existing law (see *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326))." Following that amendment, Rule 373 has been interpreted to mean that, in addition to papers filed in the reviewing courts, if a notice of appeal is received by the trial court after the due date, the date of mailing shall be deemed the date of filing and proof of mailing shall be as provided in Rule 12(b)(3). See, *e.g., Secura Insurance Co. v. Illinois Farmers Insurance Co.,* 377 Ill. App. 3d 536, 539 (2007).

Finally, although the court in *Harrisburg-Raleigh* expressed no opinion as to whether the "date of mailing" rule would apply to post-trial motions filed in the trial court, the appellate courts of this state have subsequently applied the rule to various posttrial motions. See *People v. Simmons*, 164 Ill. App. 3d 205 (1987) (motion to withdraw guilty plea pursuant to Rule 604(d)); *In re Marriage of Morse*, 143 Ill. App. 3d 849 (1986) (posttrial motion pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203)); *People v. Easley*, 199 Ill. App. 3d 179 (1990) (motion for reduction of sentence); *Pagel*, 197 Ill. App. 3d at 308 (date of proof of service, not postmark date, determines when motion to withdraw guilty plea is filed); *People v. Johnson*, 232 Ill. App. 3d 882 (1992) (postconviction petition).

Our review of the case law pertaining to the "date of mailing" rule thus establishes that if a notice of appeal or any paper required to be filed in the reviewing court is filed by mail and received after the due date, then the date of mailing is deemed to be the date of filing. More importantly for purposes of the issue before us on appeal, proof of mailing under these circumstances is established by filing a proof of service that complies with the requirements of Rule 12(b)(3). Thus, Rule 12(b)(3) does not apply only to proof of service on a party, as defendant contends, but rather the rule also governs the manner by which a party proves that it mailed a notice of appeal or any paper filed in the reviewing courts when that party is relying upon the date of mailing as the date of filing.

We therefore conclude that when a defendant's motion to withdraw a guilty plea is received by the circuit court after the 30-day time period, and the defendant is thereafter relying upon the date of mail-ing as the date of filing, proof of mailing shall be as provided by Rule 12(b)(3). As the case law discussed above makes clear, in each situa-tion in which our supreme court has applied the "date of mailing" rule, the court has also required that proof of mailing *"shall"* be as provided by Rule 12(b)(3). (Emphasis added.) 155 Ill. 2d R. 373. We can discern no reason why the same requirement regarding Rule 12(b)(3) would not also apply to a motion to withdraw a guilty plea when a defendant is relying upon the "date of mailing" rule to establish that such a motion was timely filed. Adopting such a require-ment is therefore consistent with the supreme court rules and would also maintain a uniform body of precedent in that proof of mailing documents to the reviewing court, proof of mailing a notice of appeal, and proof of mailing a motion to withdraw a guilty plea would all be as provided by Rule 12(b)(3).

In reaching this conclusion, we find unpersuasive defendant's assertion that the decision in *People v. Saunders*, 261 Ill. App. 3d 700 (1994), establishes that Rule 12 is controlling only when the issue is whether a party to a proceeding was properly served. The issue in *Saunders* was whether the defendant timely filed his postconviction petition, and the State argued that under Rule 12(c), defendant's petition was not filed until four days after the date of mailing that was reflected in the defendant's notarized proof of service. The court noted that Rule 12(c) states that service by mail is complete four days after mailing and that the committee comments to Rule 12 state that subsection (c) was added to establish, when service is made by mail, a definite starting point for measuring the time periods that begin to run on the date of service, such as in Rule 213(c). *Saunders*, 261 Ill. App. 3d at 705. The court further noted, by way of example, that Rule 213(c) states that a party must serve answers and objections to interrogatories within 28 days of the date that the interrogatories were served upon him, and the court thus held that Rule 12(c) applies only when the date of service is relevant to the determination of when a particular time period commences. *Saunders*, 261 Ill. App. 3d at 705. We express no opinion as to the court's interpretation of Rule 12(c) and instead find it sufficient in this case to point out that the court did not have occasion to consider Rule 12(b)(3) or more generally the manner by which a defendant proves that her motion to withdraw her guilty plea was placed into the prison mail system. Therefore, we find defendant's reliance upon *Saunders* unpersuasive.

Having concluded that defendant's proof of service was required to comply with Rule 12(b)(3), we must now determine whether the proof of service attached to defendant's motion complies with the rule such that it preserved the timely filing date recited therein. We conclude that it does not.

As noted, Rule 12(b)(3) states that service by mail is proved by an "*affidavit* of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." (Emphasis added.) 145 Ill. 2d R. 12(b)(3). Our supreme court has explained that an affidavit has been consistently defined for over 100 years as simply " 'a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit.' " *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002), quoting *Harris v. Lester*, 80 Ill. 307, 311 (1875). Thus, a writing that has not been sworn to before an authorized person does not constitute an affidavit. *Roth*, 202 Ill. 2d at 494.

In this case, although defendant's proof of service tracks the language of Rule 12(b)(3), the proof of service is not "sworn to by a party before some person who has authority under the law to administer oaths" (*Roth*, 202 Ill. 2d at 493), but instead is only signed by defendant. Therefore, the proof of service does not constitute an "affidavit" as required by Rule 12(b)(3). See *Roth*, 202 Ill. 2d at 494.

Defendant acknowledges that her proof of service is not notarized, but claims that her verification under section 1—109 of the Code of Civil Procedure (735 ILCS 5/1—109 (West 2006)), found below the proof of service, was the equivalent of a notarized certificate of mailing and was therefore sufficient to attest that she mailed her motion on the date specified within the proof of service. We disagree.

Section 1—109 of the Code provides:

> "Unless otherwise expressly provided by rule of the Supreme Court, whenever in this Code any *** document or pleading filed in any court of this State is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section.
>
> ***
>
> Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath.
>
> Any person who makes a false statement, material to the issue or point in question, which he does not believe to be true, in any pleading, affidavit or other document certified by such person in accordance with this Section shall be guilty of a Class 3 felony." 735 ILCS 5/1—109 (West 2006).

By its express terms, section 1—109 provides that whenever the Code of Civil Procedure requires a document to be "sworn to or verified under oath," then verification under penalty of perjury is an acceptable substitute. Section 1—109 does not indicate, however, that such verification is an acceptable substitute when a statute other than the Code of Civil Procedure requires a document to be sworn to or verified under oath. See *Mashni Corp. v. Laski*, 351 Ill. App. 3d 727, 735 (2004) (noting that section 1—109 does not indicate that verification is an acceptable substitute when a statute other than the Code of Civil Procedure requires notarization). Here, the requirement that defendant file a motion to withdraw her guilty plea arises from Supreme Court Rule 604(d), and the requirement that service or mailing of such a motion is proved by an affidavit arises from Supreme Court Rule 12(b)(3). Section 1—109 gives no indication that it applies

to either of these requirements. Moreover, section 1—109 allows for verification by certification "[u]nless otherwise expressly provided by rule of the Supreme Court." 735 ILCS 5/1—109 (West 2006). Here, defendant's certificate of service was required to comply with Supreme Court Rule 12(b)(3), which expressly requires that service by mail is proved by an affidavit. Therefore, for these reasons, we conclude that the verification provided by section 1—109 is not a substitute for the affidavit required by Rule 12(b)(3).

In light of that conclusion, we reject defendant's contention that her motion to withdraw her guilty plea was timely filed. As noted, the proof of service attached to defendant's motion is not notarized, *i.e.*, sworn to before a person who has authority under the law to administer oaths, and therefore does not constitute the affidavit required by Rule 12(b)(3). Moreover, defendant's verification pursuant to section 1—109 is not a substitute for the requisite affidavit. Accordingly, we conclude that defendant's proof of service is insufficient to establish that her motion was mailed on a timely date and, therefore, defendant's motion to withdraw her guilty plea was properly dismissed as untimely.

We note that our holding regarding Rule 12(b)(3) does no more than articulate what courts have already implicitly required when applying the "date of mailing" rule to various posttrial motions. In almost every case in which the appellate courts of this state have found that a posttrial motion was timely filed based upon the "date of mailing" rule, the courts have relied upon a notarized proof of service that recited a timely mailing date. See, *e.g.*, *People v. Wade*, 326 Ill. App. 3d 940, 943 (2001) (finding that defendant's motion to withdraw guilty plea was timely filed where proof of service recited timely mailing date and motion bearing the proof of service was notarized on that date, and noting that defendant's proof of service complied with Supreme Court Rules 11 and 12); *Saunders*; 261 Ill. App. 3d at 702-05 (defendant's postconviction petition timely filed where notarized petition was accompanied by a notarized proof of service reciting a timely mailing date and a notarized affidavit stating the petition was timely submitted); *Pagel*, 197 Ill. App. 3d at 306-08 (defendant's motion to withdraw guilty plea timely filed where the notarized verification and proof of service attached to the motion indicated that the motion was mailed on a timely date). Similarly, in *Easley*, 199 Ill. App. 3d at 182-83, the court found that defendant's motion for reduction of sentence was timely filed where the motion was accompanied by a proof of service verified by defendant which recited a timely mailing date, by a Department of Corrections mailing voucher indicating defendant signed the voucher on a timely date, and by a letter verified by

defendant stating the motion was mailed on a timely date. To "verify" means "[t]o confirm or substantiate by oath or affidavit" (Black's Law Dictionary 1561 (6th ed. 1990)), and thus the court in *Easley* was also relying upon a notarized proof of service.

Under *Roth*, had the proofs of service in these cases not been notarized, they would have simply constituted declarations or statements and would therefore not have satisfied Rule 12(b)(3). See *Roth*, 202 Ill. 2d at 494. ("[S]tatements in a writing not sworn to before an authorized person cannot be considered affidavits"). However, pursuant to *Roth*, the declarations or statements found in these proofs of service constituted affidavits because they were notarized, *i.e.*, "sworn to by a party before some person who has authority under the law to administer oaths." *Roth*, 202 Ill. 2d at 493. Thus, although the courts in these cases did not explicitly state that the proofs of service were required to comply with Rule 12(b)(3), the courts nevertheless relied upon proofs of service that complied with the rule in finding that the posttrial motions were timely filed.

Additionally, in other cases courts have relied upon a proof of service signed by the party's attorney in finding that a posttrial motion was mailed on a timely date. For example, in *A.S. Schulman Electric Co. v. Village of Fox Lake*, 115 Ill. App. 3d 746, 749 (1983), the court found that a posttrial motion pursuant to section 2—1203 of the Code was timely filed where an affidavit signed by an attorney indicated that the motion was mailed on a timely date. Then again, in *Morse*, 143 Ill. App. 3d at 852, a case heavily relied upon by the court in *Pagel*, the court found that a posttrial motion pursuant to section 2—1203 of the Code was timely filed where the proof of service stated the motion was mailed on a timely date. In that case, the court noted that the respondent's motion to supplement the record with affidavits of trial counsel and his secretary, who had signed the proof of service, was denied. *Morse*, 143 Ill. App. 3d at 852. However, the court noted that at the hearing on a motion to strike respondent's posttrial motion, the circuit court stated that "it had no reason to suspect that respondent's attorney would post-date the proof of service." *Morse*, 143 Ill. App. 3d at 852. The appellate court relied upon the circuit court's statement in concluding that the "proof of service date was sufficiently analogous to an affidavit attesting to the mailing date so as to extend the reasoning in *Schulman*" to that case. *Morse*, 143 Ill. App. 3d at 852.

These decisions are also entirely consistent with the requirements of Rule 12(b)(3). As noted, Rule 12(b)(3) states that service by an attorney is proved by a "certificate of the attorney" (145 Ill. 2d R. 12(b)(3)), and therefore the proofs of service in these cases did not

need to be notarized and instead were sufficient because they were signed by the attorney who placed the motions into the mail.

In reaching our conclusion regarding Rule 12(b)(3), we reject defendant's assertion that the Second District Appellate Court's decision in *People v. Rivera*, 342 Ill. App. 3d 547 (2003), stands for the proposition that her verification under section 1—109 is the equivalent of the affidavit required in this case. Defendant misconstrues the holding in *Rivera* and, more importantly, the Second District has since acknowledged that the relevant holding in that case, upon which defendant now relies, "was foreclosed" by our supreme court's decision in *People v. Collins*, 202 Ill. 2d 59 (2002). See *People v. Rogers*, 372 Ill. App. 3d 859, 863 n.1 (2007).

We also reject defendant's assertion that, based upon our supreme court's decision in *Robidoux v. Oliphant*, 201 Ill. 2d 324 (2002), a document need not be notarized in order to qualify as an "affidavit." In *Robidoux*, 201 Ill. 2d at 340-41, the court held that an affidavit need not be notarized in order to comply with the requirements of Supreme Court Rule 191(a) (210 Ill. 2d R. 191(a)). However, in *Roth*, 202 Ill. 2d at 495-96, the court explained that its analysis in *Robidoux* "necessarily applie[d] only to affidavits filed pursuant to Rule 191(a), which itself applies only to specified proceedings under the Code of Civil Procedure, such as motions for summary judgment, involuntary dismissal, and to special appearances to contest personal jurisdiction." The court further stated that because Rule 191(a) expressly provided what was required of the affidavit, but omitted reference to notarization, it was reasonable for the court to conclude in *Robidoux* that, unlike the traditional rule that notarization accompany an affidavit, Rule 191(a) did not require the affidavit be notarized. *Roth*, 202 Ill. 2d at 495-96. The foregoing makes clear that the holding in *Robidoux* was limited to the facts of that case and specifically to Rule 191(a). In this case, unlike in *Robidoux*, Rule 12(b)(3) does not provide what is required of the affidavit and therefore the traditional rule would apply and require defendant's affidavit be notarized or sworn to before some person who has authority under the law to administer oaths. See *Roth*, 202 Ill. 2d at 493-94.

We finally note that, while defendant's appeal from the dismissal of her motion to withdraw her guilty plea was pending, our supreme court issued its decision in *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209 (2009). In that case, the plaintiffs' notice of appeal was filed by mail and received by the circuit court four days after the 30-day filing period had ended. *Secura*, 232 Ill. 2d at 213-14. The plaintiff did not, however, include a certificate of service or affidavit indicating the date of filing with the circuit court clerk. *Secura*,

232 Ill. 2d at 210. In response to defendant's motion to dismiss the appeal for lack of jurisdiction, the appellate court allowed the plaintiff to supplement the record with a letter to the circuit court which was dated on the final day of the 30-day filing period and then denied the defendant's motion, ruling that the court was not deprived of jurisdiction because the failure to comply with the rules was harmless error and there was no showing of prejudice to the defendant. *Secura*, 232 Ill. 2d at 213.

The supreme court reversed and held that the defendant's mailing, which did not include a certificate or affidavit of mailing, failed to fulfill the requirements of proof pursuant to Rule 12(b)(3). The court noted that a party must file a proper proof of mailing as required by Rule 12(b)(3) in order to take advantage of Rule 373 because without such proof of mailing "there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court." *Secura*, 232 Ill. 2d at 216. The court found that the cover letter to the circuit court submitted by the defendant did not provide proof of mailing such that it was competent evidence under Rule 12(b)(3) because the letter did not "contain an affidavit or a certificate and nothing [was] certified or sworn to." (Emphasis omitted.) *Secura*, 232 Ill. 2d at 216. The court further found that the "Notice of Filing" was not sufficient proof because the certificate of service attached to it indicated only that the notice of filing was mailed to the plaintiff's attorneys on the date the notice of appeal was due and there was "nothing in the certification or in the body of the notice of filing that attest[ed] to the mailing of the notice of appeal to the clerk" on a timely date. *Secura*, 232 Ill. 2d at 216-17. In distinguishing the cases upon which the appellate court relied, the court noted that the issue in the case before it was not "merely about a slight defect in the *form* of the notice" and that the case did not concern a certificate or affidavit that was submitted but that had a typographical error, misspelling, or other inadvertent mistake. (Emphasis in original.) *Secura*, 232 Ill. 2d at 217. Rather, the case concerned the defendant's "failure to prove by certificate or affidavit that it complied with the jurisdictional 30-day notice requirement in Rule 303." *Secura*, 232 Ill. 2d at 217. Finally, the court stated that harmless error was not applicable to the case because the appellate court did "not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura*, 232 Ill. 2d at 217-18.

Our holding in this case is entirely consistent with the decision in *Secura*. As in *Secura*, the issue in this case is not merely about a slight defect in defendant's proof of service and this is also not a case in which defendant's motion was accompanied by an affidavit or

certificate of an attorney attesting to the date the motion was mailed which had a mere "typographical error, misspelling, or other inadvertent mistake." *Secura,* 232 Ill. 2d at 217. Rather, this case concern defendant's failure to prove by affidavit or certificate of an attorney that she complied with the requirement of Rule 604(d) that a motion to withdraw a guilty plea be filed within 30 days of the date on which sentence is imposed. Thus, as in *Secura,* defendant's failure in this case to submit the necessary affidavit attesting to the date of mailing amounts not to a "defect" in the proof of service but instead to a failure to comply with Rule 12(b)(3) that cannot be excused as harmless error. See *Secura,* 232 Ill. 2d at 217.

■ Defendant next contends that this case must be remanded because defense counsel failed to file a certificate of compliance pursuant to Supreme Court Rule 604(d) and because counsel did not perform the duties required of him pursuant to that rule. We disagree.

The record shows that defendant's motion to withdraw her guilty plea was file-stamped by the clerk of the court on March 27, 2006. On April 4, 2006, counsel who had previously represented defendant informed the court that they were not requesting leave to represent defendant on her *pro se* motion and suggested the court appoint other counsel. The circuit court then appointed the public defender's office to represent defendant. On April 21, 2006, an assistant public defender accepted appointment of the public defender's office as counsel for defendant. At that point, the State moved to dismiss defendant's motion as untimely. Counsel for defendant argued that the proof of service on defendant's motion recited a timely mailing date and added that defendant had informed him that she handed the motion to the correctional officer in her division on the proper date. The court then dismissed the motion.

As noted, Supreme Court Rule 604(d) requires that a motion to withdraw a guilty plea be filed within 30 days of the date on which sentence is imposed. 210 Ill. 2d R. 604(d). If the motion is not filed within the 30-day time limit, the trial court is divested of jurisdiction to entertain defendant's motion. *Flowers,* 208 Ill. 2d at 303. If, however, the motion is filed within the 30-day time limit, Rule 604(d) instructs the trial court to appoint counsel and promptly hear the motion. 210 Ill. 2d R. 604(d). Rule 604(d) then requires that defense counsel file with the trial court a certificate stating that the attorney has consulted with defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea, has examined the trial court file and report of proceedings of the plea, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. 210 Ill. 2d R. 604(d).

In this case, regardless of the fact that counsel was appointed before the timeliness of defendant's motion was considered, the trial court ultimately dismissed the motion as untimely. Once the trial court made that determination, it was divested of jurisdiction to consider the merits of defendant's motion. *Flowers*, 208 Ill. 2d at 303. Accordingly, there was no need for counsel to be appointed and, thus, counsel was not required to file a certificate of compliance pursuant to Rule 604(d). Therefore, defendant's contention is without merit.

■ Defendant's final contention is that the trial court failed to properly admonish her pursuant to Rule 604(d) and that this case must therefore be remanded to the trial court for proper admonishments.

Because defendant entered into a negotiated guilty plea, the trial court was required to admonish her pursuant to Rule 605(c). *People v. Dunn*, 342 Ill. App. 3d 872, 881 (2003). That rule requires the court to provide the following admonishments:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 210 Ill. 2d R. 605(c).

The trial court must strictly comply with the admonishment requirements of Rule 605(c). *People v. Claudin*, 369 Ill. App. 3d 532, 533 (2006). However, the trial court is not required to use the exact language of the rule and the admonishments will be deemed insufficient only where the court fails to convey the substance of the rule. *Dunn*, 342 Ill. App. 3d at 881. We review the trial court's compliance with the supreme court rules *de novo*. *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003).

Defendant first claims that the trial court failed to advise her that any issue not raised in her motion to withdraw her guilty plea would be waived on appeal. However, the trial court specifically advised defendant that the motion to withdraw her guilty plea "would have to state *all* the reasons that you think I should consider to allow you to take back your guilty plea or as to why you think the sentence is inappropriate." (Emphasis added.) Defendant also claims that the court erroneously advised her that she had a right to appeal her sentence whereas, under Rule 605(c)(2), her only remedy was to file a motion to withdraw her guilty plea. However, the record clearly shows that the trial court admonished defendant that before she could appeal her sentence she would have to file a motion to withdraw her guilty plea. We also note that defendant indicated that she understood this admonishment and that defendant did in fact file a motion to withdraw her guilty plea instead of filing a notice of appeal. See *Claudin*, 369 Ill. App. 3d at 534. Accordingly, although the trial court did not use the exact language employed by Rule 605(c), we conclude that the admonitions given by the court, when considered as a whole, sufficiently conveyed the substance of the rule. See *Dunn*, 342 Ill. App. 3d at 882; *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003).

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

J. GORDON and CAHILL, JJ., concur.