# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Wideman*, 2013 IL App (1st) 102273**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE WIDEMAN, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-10-2273 |
| Filed | May 28, 2013 |
| Rehearing denied | July 25, 2013 |
| Modified | August 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's petition for leave to file a successive postconviction petition alleging newly discovered evidence of his actual innocence was affirmed, since the purported newly discovered evidence did not qualify as such, the documents from codefendants purporting to be affidavits were not notarized, they were not valid affidavits, especially in the absence of any explanation as to why the documents were not notarized, and defendant's self-verified statement did not constitute newly discovered evidence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 00-CR-7694; the Hon. Charles P. Burns, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Marie Quinlivan Czech, and Margaret G. Lustig, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion.

# OPINION

¶ 1    This appeal arises from a June 21, 2010 order entered by the circuit court of Cook County, which denied defendant-appellant Lawrence Wideman (Wideman) leave to file his successive postconviction petition. On appeal, Wideman argues that he properly raised a claim of actual innocence pursuant to section 122-1 of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 (West 2010)). For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    Following a jury trial, Wideman was convicted of first-degree murder and armed robbery, and was sentenced to concurrent prison terms of 43 years and 10 years, respectively. Wideman and codefendants Frad Muhammad (Muhammad), Marvin Treadwell (Treadwell), and Jovan Mosley (Mosley), were charged with first-degree murder for allegedly beating and bludgeoning Howard Thomas (the victim) to death on or about August 6, 1999, in the course of robbing him of money and a beverage.

¶ 4    The evidence at Wideman's trial showed that a group of young men, including Wideman and his codefendants, attacked the victim. Codefendant Muhammad repeatedly struck the victim with a baseball bat. While the victim was on the ground, the other men kicked him. The group then fled, leaving the victim severely wounded on the ground. The victim's autopsy found multiple broken bones, cerebral hemorrhages, and a torn kidney among his injuries. While several witnesses heard and/or saw the attack, only one witness identified Wideman as participating in the attack. Another witness identified codefendant Treadwell as one of the men kicking the victim, but could not identify Wideman as one of the attackers though she had seen Wideman previously in the neighborhood. After his arrest, Wideman gave a statement admitting to participating in the attack, which was intended to be a robbery to obtain money to buy liquor. In his statement, Wideman admitted that after the attack, he

-2-

and all the men in the group drank from a bottle of soda that the victim had been carrying. At trial, Wideman did not testify in his own behalf, and he presented no defense evidence beyond the stipulated testimony of a police detective regarding a police report.

¶ 5      On direct appeal, this court affirmed Wideman's conviction and sentence. This court rejected Wideman's arguments regarding his unsuccessful pretrial motions to: (1) quash arrest for lack of probable cause; and (2) suppress his postarrest statement for lack of *Miranda* warnings and for being involuntary. *People v. Wideman*, No. 1-05-1137 (2007) (unpublished order under Supreme Court Rule 23).

¶ 6      Appellate court records show that codefendants Muhammad and Treadwell took direct appeals from their convictions in the instant case and that this court affirmed their convictions in both cases. *People v. Muhammed*, No. 1-06-0560 ( Mar. 4, 2008) (unpublished order under Supreme Court Rule 23), *appeal denied*, 228 Ill. 2d 546 (2008); *People v. Treadwell*, No. 1-06-0269 (2006) (unpublished order under Supreme Court Rule 23).

¶ 7      On June 12, 2008, Wideman filed his initial *pro se* postconviction petition. Wideman alleged, in relevant part, that he was actually innocent. He noted that several people were charged with the instant offenses "with no specific determination as to who delivered the fatal blow" and that mere presence at a crime scene or knowledge that a crime is being committed is insufficient to find that a person aided or abetted the crime. The petition was supported on this point by Wideman's general self-verification of the petition. See 735 ILCS 5/1-109 (West 2010). On September 5, 2008, the circuit court summarily dismissed the petition. On February 12, 2008, Wideman filed a motion to reconsider. On March 11, 2009, the circuit court of Cook County denied the motion.[1]

¶ 8      Wideman then filed a motion for leave to file a successive postconviction petition based on actual innocence. On January 27, 2010, the circuit court granted Wideman leave to file a successive petition solely on the claim of actual innocence "if support[ed] by documents attached."

¶ 9      On May 7, 2010, Wideman filed his *pro se* successive postconviction petition, claiming actual innocence on the basis that codefendants Muhammad and Treadwell would testify that Wideman was merely present at the scene of the instant offenses and did not participate. Wideman noted that the codefendants were not available as trial witnesses because their pending trials on the same charges would have caused them to invoke their fifth amendment right to refrain from self-incrimination. Attached to the petition were documents from Wideman, Muhammad, and Treadwell making detailed averments regarding the events in question. The undated documents were titled affidavits, and each document was signed and had a self-verification pursuant to section 1-109 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/1-109 (West 2010)). None of the documents were notarized.

¶ 10      On June 21, 2010, the circuit court denied Wideman leave to file his petition. The court found that the purported newly discovered evidence of actual innocence did not qualify as such because the documents from Wideman, Muhammad, and Treadwell purporting to be

---

[1]Wideman attempted to appeal these rulings, but he was denied leave to file late notices of appeal. *People v. Wideman*, No. 1-08-3396 (2008); *People v. Wideman*, No. 1-09-1319 (2009).

affidavits were not notarized and thus did not constitute valid affidavits. On July 13, 2010, Wideman filed a timely notice of appeal. Therefore, this court has jurisdiction to consider Wideman's arguments on appeal pursuant to Illinois Supreme Court Rule 651 (eff. Feb. 6, 2013) and Rule 606 (eff. Feb. 6, 2013).

¶ 11                                              ANALYSIS

¶ 12        On appeal, we determine whether the trial court erred in denying Wideman leave to file his successive postconviction petition. Wideman contends that the court erred in summarily dismissing the instant petition because he stated a claim of actual innocence properly supported by newly discovered evidence. He specifically argues that the lack of notarization on the affidavits should not bar his petition from advancing to the second stage of postconviction proceedings. In response, the State argues that: (1) Wideman's actual innocence claim is barred by *res judicata* because he claimed actual innocence in his initial postconviction petition; and (2) the affidavits attached to Wideman's successive postconviction petition do not constitute newly discovered evidence of actual innocence because the affidavits are not notarized and they do not vindicate Wideman.

¶ 13        Under section 122-1 of the Act, a defendant may file only one postconviction petition without leave of the court. 725 ILCS 5/122-1(f) (West 2010). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure," or by presenting newly discovered evidence of actual innocence. 725 ILCS 5/122-1(f) (West 2010); see also *People v. Edwards*, 2012 IL 111711, ¶¶ 23, 32. The defendant's burden of obtaining leave to file a successive petition, whether on a cause-and-prejudice or actual-innocence basis, requires that he submit sufficient documentation for the court to make its determination. *Id.* ¶ 24.

¶ 14        Our supreme court has rejected a contention that a successive petition should be evaluated under the first-stage "frivolous or patently without merit" standard. *Id.* ¶¶ 25-29. Instead, where a successive petition raises a claim of actual innocence, "leave of court should be denied only where it is clear, from a review of the successive petition and the documentation provided by the petitioner that, as a matter of law, the petitioner cannot set forth a colorable claim of actual innocence." *Id.* ¶ 24. A colorable claim of actual innocence is a claim that raises the probability that it is more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence. *Id.* ¶ 33.

¶ 15        Section 122-1(b) of the Act states that a postconviction petition must be filed with the clerk of the court, and must also be "verified by affidavit." 725 ILCS 5/122-1(b) (West 2010). Separately, section 122-2 of the Act (725 ILCS 5/122-2 (West 2010)) prescribes additional pleading requirements for a postconviction petition. Section 122-2 of the Act states that a "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2010). Failure to comply with this statutory requirement is a sufficient basis for summary dismissal. *People v. Delton*, 227 Ill. 2d 247, 255 (2008). An affidavit has been consistently defined as a written declaration upon an oath sworn before a person with legal

authority to administer oaths. *People v. Tlatenchi*, 391 Ill. App. 3d 705, 714 (2009). "An affidavit that is not sworn is a nullity." *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 497 (2002). While section 1-109 of the Code expressly allows self-verification of documents filed under that Code, such self-verification is not a proper substitute for oaths required by statutes other than that Code. *People v. Nitz*, 2011 IL App (2d) 100031, ¶¶ 13-17; *Tlatenchi*, 391 Ill. App. 3d at 715-16.

¶ 16    In determining whether a defendant's postconviction petition is sufficient to survive dismissal, it is important to distinguish between section 122-1 affidavit requirements and section 122-2 affidavit requirements. The purpose of section 122-1 affidavit requirements is to confirm that the defendant's allegations are brought truthfully and in good faith. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 21. The purpose of section 122-2 affidavit requirements is to show that the defendant's allegations can be objectively and independently corroborated. *Id.* The Illinois Supreme Court discussed the difference between section 122-1 affidavit requirements and section 122-2 affidavit requirements in *People v. Collins*, 202 Ill. 2d 59, 66-67 (2002). In *Collins*, the supreme court stated that the purpose of the affidavit requirements under section 122-1 is wholly distinct from the purpose of the affidavit requirements under section 122-2, and to equate the two would render the affidavit requirements under section 122-2 meaningless. *Collins*, 202 Ill. 2d at 67. In *Collins*, the supreme court held that failure to meet the requirement to support a petition pursuant to section 122-2 of the Act is enough to justify summary dismissal. *Id*. at 67-68. Thus, a defendant's documents in support of the allegations in his postconviction petition which purport to be affidavits must be properly executed lest they are in violation of section 122-2 of the Act. *Id*. at 66-67. If the affidavits attached to a defendant's petition do not comply with the evidentiary requirements of section 122-2, then the petition must comply with the pleading requirements of section 122-2 by *at least* providing an explanation as to why the affidavits were unobtainable. *Id*. at 67-68. Although requiring the attachment of " 'affidavits, records, or other evidence' " may place an unreasonable burden on postconviction petitioners, this does not excuse a petitioner's violation of all aspects of section 122-2. *Id*. at 68. A violation of the evidentiary requirements of section 122-2 as well as the pleading requirements can be fatal to a defendant's postconviction petition. *Id*.

¶ 17    In this case, the self-verified statement offered by Wideman does not constitute newly discovered evidence. He was available to testify at his trial, and he could have supported his claim of actual innocence in his initial postconviction petition with his own detailed factual averments. However, he chose to submit a statement which was general and devoid of the factual detail one would expect in such a situation. Because Wideman's statement did not constitute newly discovered evidence, Wideman was unable to sufficiently meet the requirements necessary to sustain a petition based on newly discovered evidence.

¶ 18    Additionally, the purported affidavits offered by Muhammad and Treadwell were attached to Wideman's successive postconviction petition in support of the allegations in his petition pursuant to section 122-2 of the Act. Not only are the purported affidavits unnotarized, but Wideman also fails to give *any* explanation as to why Muhammad and Treadwell could not obtain notarization to verify their own signed affidavits. As the supreme court stated in *Collins*, if a defendant's petition does not comply with the evidentiary

requirements of section 122-2, then it must *at least* provide an explanation as to why the affidavits were unobtainable. *Id.* at 67-68. In his brief on appeal, Wideman speaks theoretically about the difficulties an inmate may face in obtaining a notarized affidavit. We do not disagree with those theories. However, we note that Wideman never asserted that he personally experienced those difficulties. Also, Wideman did not assert that Muhammad or Treadwell faced any such difficulties. Had Wideman provided an explanation detailing why Muhammad's and Treadwell's affidavits were not notarized, then he may have given the trial court a basis for consideration within the meaning of our supreme court's reasoning in *Collins*. The trial court would have had an opportunity to determine whether there was at least minimal compliance with section 122-2 of the Act. However, Wideman did not give the trial court that opportunity. In light of the unique facts and circumstances of this case, Wideman's complete disregard for the requirements of section 122-2 cannot be excused. Our holding is specifically limited to the unique facts and circumstances of this case. Therefore, we need not determine whether the petition was also invalid because Wideman's signature was not notarized. Accordingly, we hold that the trial court did not err in denying Wideman leave to file his successive postconviction petition.

¶ 19        Affirmed as modified.