2020 IL App (1st) 172179-U

FIFTH DIVISION
SEPTEMBER 4, 2020

No. 1-17-2179

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 88 CR 2755 |
| | ) | |
| FRANCISCO SANDOVAL, | ) | Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in dismissing the defendant's postconviction petition.

¶ 2    Following his conviction for first degree murder and aggravated battery, the defendant-appellant, Francisco Sandoval, filed a *pro se* postconviction petition. The defendant now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4    In the interest of clarity and brevity, we will present only the facts pertinent to this order. For a full recitation of facts leading up to this appeal, see *People v. Sandoval*, No. 1-09-2415

(2011) (unpublished order under Illinois Supreme Court Rule 23(c)).

¶ 5     In February 1988, the defendant was charged with first degree murder, aggravated battery, and armed violence for a shooting that occurred on September 6, 1978. The shooting, which happened at 16th Street and Union Avenue in Chicago, killed Armando Ruiz and severely injured Elizabeth Banda-Dammar. During her hospitalization, Ms. Banda-Dammar identified the defendant, in a police photograph, as the shooter.

¶ 6     Ten years later, in 1988, the police located the defendant in California and extradited him to Chicago.  At the police station, the police interviewed the defendant and he made an inculpatory statement indicating that he was involved in the shooting. Ms. Banda-Dammar also positively identified the defendant, in a police lineup, as the shooter.

¶ 7     The defendant was then charged with first degree murder, aggravated battery, and armed violence. The defendant posted bail and was released on bond. The defendant subsequently appeared at a few court dates, but he failed to appear in court on September 14, 1988. Thereafter, a warrant was issued for the defendant's arrest. On January 11, 2006, the defendant was located in California. He was, again, arrested and extradited to Chicago.

¶ 8     On May 27, 2009, a jury trial commenced. Ms. Banda-Dammar testified and positively identified the defendant in court as the shooter. The defendant did not testify and did not present any evidence of an alibi. At the conclusion of the trial, the defendant was found guilty of first degree murder and aggravated battery. The trial court sentenced the defendant to 35 years' imprisonment for first degree murder and 5 years' imprisonment for aggravated battery, to be served concurrently.

¶ 9    On direct appeal, the defendant argued that he received ineffective assistance of counsel when his defense counsel failed to: file a motion to suppress Ms. Banda-Dammar's police lineup identification; object to Ms. Banda-Dammar's in-court identification; and present a credible defense to the jury. *Sandoval*, No. 1-09-2415 at 5. He also argued that he was entitled to additional sentencing credit for time served in pre-sentence custody. *Id.* This court rejected the defendant's ineffective assistance of counsel arguments and affirmed his convictions. *Id.* at 8. We also ordered the mittimus corrected to reflect the defendant's proper credit for pre-sentence custody. *Id.* at 9-10.

¶ 10    On April 28, 2017, the defendant filed the *pro se* postconviction petition at issue. His petition alleged that he received ineffective assistance of trial counsel because his defense counsel failed to investigate two alibi witnesses: his brother, Efren Sandoval (Efren), and his girlfriend at the time of the shooting, Elba Ruiz (Elba). In his petition, the defendant alleged that Efren and Elba "could have corroborated" his alibi and testified that he was living in California at the time of the shooting. The defendant accordingly argued that he received ineffective assistance when his defense counsel failed to contact Efren and Elba or call them as witnesses. The defendant's petition also alleged that he was actually innocent, that he had been coerced into giving an inculpatory statement, and that the trial court failed to properly admonish him that he is required to serve a term of mandatory supervision upon his release.

¶ 11    On May 12, 2017, the trial court entered an order dismissing the defendant's petition. The trial court dismissed the defendant's ineffective assistance of counsel claim on several grounds. First, the trial court found that the defendant had waived the claim because he did not raise it in his direct appeal. The trial court further held that, regardless of waiver, the defendant's ineffective

assistance of counsel claim was meritless where the decision to call witnesses is a matter of trial strategy. And finally, the trial court noted that, even if the defendant's claim had merit, the defendant neither attached affidavits from Efren and Elba nor explained why they were not attached. The trial court stated that this failure was "fatal to [the defendant's] claim." The defendant subsequently appealed.

¶ 12                                    ANALYSIS

¶ 13    We note that we have jurisdiction to review the trial court's judgment, as this court allowed the defendant to file a late notice of appeal. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); R. 606(c) (eff. July 1, 2017).

¶ 14    The defendant raises the following sole issue: whether the trial court erred in dismissing his postconviction petition claim that he received ineffective assistance of counsel.[1] The defendant argues that his petition established an arguable basis that he received ineffective assistance of counsel when his defense counsel failed to investigate Efren and Elba or call them as alibi witnesses. The defendant claims that, postconviction petitions in the first stage of proceedings, such as his, are "judged by a lower pleading standard" and "construed liberally." Relying upon *People v. Hodges*, 234 Ill. 2d 1 (2009), the defendant avers that it was not necessary for him to attach affidavits from Efren and Elba during the first stage of proceedings, especially since he was filing the petition *pro se* while imprisoned. He asks us to remand the case back to the trial court and order further proceedings on his petition.

¶ 15    The Post-Conviction Hearing Act (Act) provides a procedural mechanism through which a criminal defendant can assert that his constitutional rights were substantially violated in his

---

[1]The defendant does not challenge the trial court's dismissal of his other postconviction petition claims.

original trial or sentencing hearing. 725 ILCS 5/122-1 (West 2016); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2016). A postconviction proceeding contains three distinct stages. *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 22. The trial court may dismiss a petition during the first stage if it determines that the petition is frivolous or patently without merit. *Id*. We review *de novo* a trial court's first-stage dismissal of a postconviction petition. *People v. Shipp*, 2015 IL App (2d) 131309, ¶ 7.

¶ 16    As most postconviction petitions are drafted by *pro se* defendants, the threshold for a petition to survive the first stage of proceedings is low. *People v. Allen*, 2015 IL 113135, ¶ 24. However, this low threshold does not excuse a *pro se* petitioner from providing factual support for his claims. *Id*. He must still supply a sufficient factual basis to support the allegations in the petition. *Id*. So while the defendant is correct that the standard for a *pro se* petition to survive the first stage of proceedings is *low*, that is not the same as *no* standard at all.

¶ 17    Indeed, the Act specifically requires petitioners to attach affidavits or similar evidence supporting their allegations, or in the alternative, to explain why such evidence is not attached. 725 ILCS 5/122-2; *People v. Wideman*, 2013 IL App (1st) 102273, ¶ 15. Failure to comply with this statutory requirement is a sufficient basis for summary dismissal. *Wideman*, 2013 IL App (1st) 102273, ¶ 15. The defendant contends that he should be excused from this requirement because he filed his petition *pro se* while imprisoned. Yet, as we have already stated, most postconviction petitions are drafted by *pro se*, imprisoned defendants. If being *pro se* and imprisoned excused a petitioner from the statutory requirement of attaching affidavits or similar evidence, there would

be no reason to even have the requirement. We also note that, although the defendant is currently incarcerated, the affidavits he needed to attach were from his brother and ex-girlfriend; conceivably people he could easily contact. Alternatively, the defendant could have explained, in his petition, why he was unable to secure the necessary affidavits.

¶ 18     It is true that the lack of affidavits is not fatal to a postconviction claim alleging ineffective assistance of counsel. *People v. Dupree*, 2018 IL 122307, ¶¶ 33-34. However, "the record or other evidence attached to the petition" must support the defendant's allegations to avoid a first-stage dismissal. *Id.* ¶ 34. In fact, in *People v. Hodges*, 234 Ill. 2d 1, 10 (2009), which the defendant relies upon, our supreme court reiterated that while the threshold for a *pro se* petition to survive the first stage of proceedings is low, the petition still must set forth *some facts which can be corroborated*, or contain some explanation as to why those facts are absent. Not only did the defendant in this case fail to attach any affidavits or explain their absence, he also failed to provide *any kind of support or evidence* for his allegations. He only generally stated that Efren and Elba would have testified that he lived in California at the time of the shooting; a statement that was, notably, not supported by the record. This was insufficient for the trial court to adequately consider the merits of the claim, and in turn, insufficient to survive the first stage of postconviction proceedings. Accordingly, the trial court did not err in dismissing the defendant's postconviction petition.[2]

¶ 19                                    CONCLUSION

¶ 20     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21     Affirmed.

---

[2]We acknowledge that the trial court dismissed the defendant's petition on additional grounds. However, we can affirm on any grounds in the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct. *People v. Brown*, 2017 IL App (1st) 142877, ¶ 39.