NOTICE

Decision filed 10/28/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 160368-U

NO. 5-16-0368

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 15-CF-41 |
| | ) | |
| JOSEPH T. SHIMCHICK, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Overstreet and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Where the circuit court fully complied with Illinois Supreme Court Rules 402 and 605, and properly denied the defendant's *pro se* motion for reduction of sentence and *pro se* motion for leave to file a late motion to withdraw guilty plea, and where any argument to the contrary would lack merit, appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    Pursuant to a negotiated plea agreement, the defendant, Joseph T. Shimchick, pleaded guilty to aggravated fleeing or attempting to elude a police officer. He appeals from a judgment denying his *pro se* motion for reduction of sentence and *pro se* motion for leave to file a late motion to withdraw guilty plea. His court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), had concluded that this appeal lacks merit. Accordingly, and pursuant to *Anders v. California*, 386 U.S. 738 (1967), OSAD has filed in this court a motion to withdraw as counsel and a brief discussing three potential issues on appeal, and has served the defendant with

1

copies of those documents. This court has provided the defendant with ample time to respond in writing to OSAD's motion, and to file a brief, a memorandum, etc., explaining why the motion should be denied or why this appeal has merit. The defendant has not filed any type of response. After examining OSAD's motion and brief, as well as the entire record on appeal, this court agrees with OSAD that the instant appeal is totally without merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4     In January 2015, the State charged the defendant with two Class 4 felony offenses, aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(1) (West 2014)) and driving while license revoked (625 ILCS 5/6-303(a) (West 2014)).

¶ 5     On April 2, 2015, the defendant, defense counsel, and an assistant State's attorney appeared in open court. Defense counsel announced that the parties had reached a negotiated plea agreement. Counsel described the agreement's terms as follows: the defendant would plead guilty to aggravated fleeing or attempting to elude a police officer; any prison sentence on that charge would be capped at five years; the charge of driving while license revoked would be dismissed; and a domestic battery charge in an unrelated felony case would be dismissed at the time of sentencing in the instant case. The defendant confirmed the agreement's terms.

¶ 6     In response to queries from the court, the defendant stated that he was 47 years old and had earned a GED, and he indicated that he was neither under the influence of drugs or alcohol nor suffering from any physical or mental disability that would prevent him from understanding the proceedings. The court described the nature of the charge of aggravated fleeing or attempting to elude a police officer, and the defendant indicated his understanding. The court asked the defendant how he wished to plead to that charge, and the defendant answered, "Guilty, sir."

2

¶ 7    At that point, the court admonished the defendant as to the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt. The defendant indicated his understanding. The court admonished the defendant as to his right to be represented by an attorney, his right to plead not guilty, and his rights to have a trial by a jury or by a judge, to confront and cross-examine the State's witnesses, to subpoena witnesses, and to testify or not testify at trial, and the defendant indicated his understanding of those rights. The defendant also indicated his understanding that a plea of guilty would result in the waiver of all those rights. The court admonished the defendant as to the possible penalties for the charge, including a sentence of imprisonment for a term of one to three years or, due to his criminal history, an extended term of three to six years, to be followed by mandatory supervised release (MSR) for one year, and the defendant indicated his understanding. The State provided a factual basis for the plea.

¶ 8    In response to further inquiries by the court, the defendant indicated that nobody was forcing or threatening him to plead guilty, nobody had promised him anything outside the terms of the stated plea agreement in order to persuade him to plead guilty, he was pleading guilty freely and voluntarily, and he had discussed the plea with his attorney. The court found that the defendant's plea was knowing and voluntary and that a factual basis for the plea existed. The court accepted the plea, entered judgment thereon, and ordered the preparation of a presentence investigation report (PSI). The charge of driving while license revoked was dismissed.

¶ 9    The PSI showed numerous prior convictions for a variety of felony and misdemeanor offenses. The defendant's prior felony convictions included three convictions for burglary (one in 1988 and two in 1997) and one prior conviction for attempt burglary (in 1997). He had six prior convictions for various forms of felony theft (in 1990, 1991, 1993, 1994, 2002, and 2010), and three prior convictions for felony domestic battery (one in 2002 and two in 2004). He had a few

3

drug-related convictions and a few convictions for driving while license revoked, including one (in 2005) for which he was sentenced to imprisonment for a term of 18 months.

¶ 10    After several continuances, a sentencing hearing was held on December 1, 2015. The State called one witness. The defendant called two witnesses and made a statement in allocution. The State recommended five years in prison; defense counsel suggested periodic imprisonment.

¶ 11    Before imposing sentence, the court advised the defendant that if he became dissatisfied with the judgment or sentence in his case, he had a right to appeal, but in order to exercise the right to appeal, he would need to file a written motion to withdraw his guilty plea, within 30 days after the sentencing, and that the motion would need to include each and every reason that he should be allowed to withdraw the guilty plea, and that any claim of error that was not included in the motion would be forfeited in the appeal, and that he had a right to hire an attorney to prepare the motion to withdraw guilty plea, and a right to have an attorney appointed if he could not afford to hire one. The defendant indicated his understanding of those appeal rights. The court also admonished the defendant as to the consequences of being allowed to withdraw the guilty plea—including reinstatement of the charge of driving while license revoked and reinstatement of the domestic battery charge in the unrelated felony case—and as to his next steps in the event that he was not allowed to withdraw the guilty plea (the need to file a notice of appeal within 30 days after denial of the motion to withdraw, etc.). The defendant indicated his understanding of all these matters.

¶ 12    Turning to the imposition of sentence, the court announced that it would attach "little to no weight" to the testimony of the State's witness at the sentencing hearing. After discussing factors in aggravation and mitigation, the court sentenced the defendant to imprisonment for a term of four years and six months. The court entered a written judgment reflecting that sentence. The day

4

after sentencing, the court arranged for the defendant to return to court, and it informed the defendant that after his release from prison, he would need to be on MSR for one year.

¶ 13    On January 5, 2016, the clerk of the circuit court file-stamped the defendant's *pro se* motion for reduction of sentence. The motion was a two-page printed form with handwriting on the lines. In the motion, the defendant stated, *inter alia*, that he had received "inadequate cousel [*sic*]" and that he had been "lied to." A "proof of service" contained in the record on appeal suggests that the defendant placed this motion into the prison mail system on December 31, 2015.

¶ 14    On May 24, 2016, the clerk of the circuit court file-stamped a *pro se* "motion for leave to file late motion to withdraw guilty plea and vacate judgment, instanter." A "proof of service" indicates that the defendant placed that motion into the prison mail system on May 19, 2016. The defendant alleged, *inter alia*, that he wanted to file a motion to withdraw his plea, and that he would have filed such a motion months earlier, instead of the motion for reduction of sentence, but for the bad advice that he had received from "Legal Staff at the Graham Correctional Center." Accompanying the motion for leave was a proposed "motion to withdraw guilty plea and vacate judgment." The proposed motion contained various claims, including a claim that plea counsel had "led [the] defendant to believe" that he would receive presentencing credit for 228 days for which he did not in fact receive credit, and that he would not have pleaded guilty if he had known that he would not receive credit for those 228 days.

¶ 15    In early June 2016, the court entered an amended judgment and sentence. Its terms were the same as those in the original judgment entered on the sentencing date, December 1, 2015.

¶ 16    On August 8, 2016, the court entered a written order denying both the *pro se* motion for leave to file a late motion to withdraw guilty plea and the *pro se* motion for reduction of sentence.

5

The court specified that each of those two motions was denied due to the untimeliness of its filing. On August 23, 2016, the defendant filed a *pro se* notice of appeal from that judgment.

¶ 17                                                    ANALYSIS

¶ 18     As noted *supra*, the defendant's court-appointed attorney on appeal, OSAD, has filed an *Anders* motion to withdraw as counsel, along with a supporting brief. In its brief, OSAD raises three potential issues on appeal: (1) whether the circuit court properly admonished the defendant of his rights under Illinois Supreme Court Rules 402 and 605, (2) whether the circuit court erred in denying the defendant's *pro se* motion for reduction of sentence, and (3) whether the circuit court erred in denying the defendant's motion for leave to file a late motion to withdraw guilty plea. This court agrees with OSAD's view that none of these issues has any merit whatsoever.

¶ 19     The first potential issue raised by OSAD is whether the circuit court properly admonished the defendant of his rights under Illinois Supreme Court Rules 402 and 605.

¶ 20     Before accepting a defendant's negotiated guilty plea, a circuit court must substantially comply with Illinois Supreme Court Rule 402 (eff. July 1, 2012). Before accepting the plea, the court must give the defendant certain specified admonishments regarding the nature of the charge that he faces, the possible sentences therefor, his right to plead guilty or not guilty, and the consequences of a guilty plea. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Before accepting the plea, the court must ask the defendant to confirm the terms of the plea agreement, after those terms have been stated in open court, and the court must determine, after questioning the defendant, that the plea is voluntary and not a result of force, threats, or promises apart from the plea agreement. Ill. S. Ct. R. 402(b) (eff. July 1, 2012). Before entering judgment on the plea, the court must determine that a factual basis for the plea exists. Ill. S. Ct. R. 402(c) (eff. July 1, 2012). In the instant case, the transcript of the guilty-plea hearing, summarized *supra*, reveals that the circuit court provided

6

all of the admonishments demanded by Rule 402, and otherwise complied with all of Rule 402's requirements. Any suggestion to the contrary would have no merit.

¶ 21 Under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), where a defendant has pleaded guilty pursuant to a plea agreement, the circuit court, at the time it pronounces sentence, must admonish the defendant as to his right to appeal and related matters. The rule lists six specific admonishments that must be given. A circuit court has a duty to give Rule 605 admonishments, and it must strictly comply with that duty, though the court's admonishments need only substantially convey the Rule's contents. *People v. Dominguez*, 2012 IL 111336, ¶¶ 15-19. In the instant case, the sentencing hearing transcript, summarized *supra*, shows that the court clearly conveyed the entire content of Rule 605(c). The court gave the admonishments in plain language and even particularized the admonishments to the defendant's case, *e.g.*, telling him that if he chose to file a motion to withdraw his guilty plea and if that motion were allowed, the State could reinstate the charge of driving while license revoked and could reinstate the domestic-battery charge in the unrelated felony case. The admonishments here were a model of clarity and thoroughness, and any argument that they were inadequate would lack merit.

¶ 22 OSAD's second potential issue is whether the circuit court erred in denying the defendant's *pro se* motion for reduction of sentence. This argument, too, would lack merit. The defendant was sentenced on December 1, 2015. His *pro se* motion for reduction of sentence was file-stamped by the clerk of the circuit court on January 5, 2016. The circuit court denied the motion due to untimeliness. Under section 5-4.5-50(d) of the Unified Code of Corrections, the defendant had 30 days after his December 1, 2015, sentencing in which to file his motion. See 730 ILCS 5/5-4.5-50(d) (West 2014). If the defendant "filed" his motion on January 5, 2016, he obviously filed outside the 30-day timeframe, and the circuit court rightly denied the motion as untimely.

7

¶ 23    The record on appeal, however, includes a "proof of service" that appears to show that the defendant placed his motion in the prison mail system on December 31, 2015. If the motion was placed in the prison mail system on that date, the motion was timely filed, though just barely. See Ill. S. Ct. R. 373 (eff. Sept. 19, 2014); see also, *e.g.*, *People v. Tlatenchi*, 391 Ill. App. 3d 705, 712 (2009). Even if the motion for reduction of sentence was timely filed, though, the order denying the motion was proper under the circumstances of this case. The defendant pleaded guilty to one count in exchange for the dismissal of two other counts (one of them in an unrelated felony case) and a "cap" on his prison sentence. Under those circumstances, the appropriate motion for the defendant to file was a motion to withdraw his guilty plea and to vacate the circuit court's judgment; he could not seek only a reconsideration of his sentence. See *People v. Linder*, 186 Ill. 2d 67, 72 (1999). At sentencing, the circuit court properly admonished the defendant that the appropriate postsentencing motion in his case was a motion to withdraw his guilty plea. Therefore, even if the defendant's motion to reduce sentence was timely filed, the circuit court's denial of the motion would need to be affirmed. It was simply the wrong type of motion for the circumstances here. See, *e.g.*, *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 30 (a reviewing court reviews judgments, not rationales, and may affirm a judgment for any reason supported by the record, regardless of the rationale that the circuit court gave for its judgment).

¶ 24    OSAD's third potential issue is whether the circuit court erred in denying the defendant's motion for leave to file a late motion to withdraw guilty plea. The defendant was sentenced on December 1, 2015. He had 30 days thereafter in which to file a motion to withdraw his guilty plea. See Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014). The 30-day limitation period expired without the defendant's filing a motion to withdraw his guilty plea, and without his receiving, or even applying for, an extension of the limitation period. On May 19, 2016—*i.e.*, approximately 5½ months after

8

sentencing—the defendant placed into the prison mail system a *pro se* motion for leave to file a late motion to withdraw his guilty plea. By that date, though, the circuit court had long since been divested of its jurisdiction to entertain a motion to withdraw the guilty plea. See Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014); see also, *e.g.*, *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). The circuit court had no real choice but to deny the motion for leave to file a late motion to withdraw the guilty plea. No argument to the contrary would have any merit.

¶ 25                                    CONCLUSION

¶ 26    The circuit court properly admonished the defendant at his guilty-plea hearing and at his sentencing hearing. The circuit court properly denied the defendant's *pro se* motion for reduction of sentence and his *pro se* motion for leave to file a late motion to withdraw guilty plea. This court agrees with OSAD that any argument to the contrary would have no merit. In addition, this court has examined the record on appeal and has concluded that this case does not present any issue of arguable merit. Accordingly, this court grants OSAD leave to withdraw as appellate counsel for the defendant, and affirms the judgment of the circuit court.


¶ 27    Motion granted; judgment affirmed.